UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------------X

JONATHAN BELL, HEZECIAH HUNTER, MICHAEL
GORDON, DEVAN BELL, and STEPHEN M. SPRINGLE,

                               Plaintiffs,

        -against-

CITY OF NEW YORK, GERARD DELPRETE, MATTHEW
REGINA, FRANK GIGLIOTTI, MICHAEL CHRISTIANO,
MARY MCDANIEL, PHILIP VACCARINO, and JOHN and
JANE DOE 1 through 10, individually and in their official
capacities, (the names John and Jane Doe being fictitious, as
the true names are presently unknown),

                               Defendants.

------------------------------------------------------------------------------X

**AMENDED
COMPLAINT**

11 CV 1885
(KAM)(RML)

<u>Jury Trial Demanded</u>

      Plaintiffs JONATHAN BELL, HEZECIAH HUNTER, MICHAEL GORDON, DEVAN

BELL, and STEPHEN M. SPRINGLE, by their attorneys, Leventhal & Klein, LLP, complaining

of the defendants, respectfully allege as follows:

## Preliminary Statement

      1.      Plaintiffs bring this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of their civil rights,

as said rights are secured by said statutes and the Constitutions of the State of New York and the

United States. Plaintiffs also assert supplemental state law claims.

## JURISDICTION

      2.      This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

      3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.    Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claims arose.

## JURY DEMAND

5.    Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.    Plaintiff JONATHAN BELL is a thirty-nine year old African American man who resides in Staten Island, New York.

7.    Plaintiff HEZECIAH HUNTER is a thirty-eight year old African American man who resides in Staten Island, New York.

8.    Plaintiff MICHAEL GORDON is a forty year old African American man who resides in Staten Island, New York.

9.    Plaintiff DEVAN BELL is a twenty year old African American man who resides in Staten Island, New York.

10.    Plaintiff STEPHEN M. SPRINGLE is a twenty-six year old African American man who resides in Staten Island, New York.

11.    Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

12.    Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

2

13. That at all times hereinafter mentioned, the individually named defendants, GERARD DELPRETE, MATTHEW REGINA, FRANK GIGLIOTTI, MICHAEL CHRISTIANO, MARY MCDANIEL, PHILIP VACCARINO, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

14. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

15. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

16. This action arises from the defendants' custom, policy and practice of racial profiling and harassment, resulting in the violations of plaintiffs' civil rights on January 16, 2010, January 25, 2010, and April 28, 2011.

**Incident One**

17. The first incident began on January 16, 2010 at approximately 12:30 a.m., opposite 202 Gordon Street, Staten Island, New York.

18. Plaintiffs JONATHAN BELL, HUNTER, and GORDON were lawful pedestrians at said location when the defendant officers, including but not limited to, GIGLIOTTI, CHRISTIANO, and MCDANIEL, unlawfully stopped, detained, and searched said plaintiffs by patting said plaintiffs' bodies and searching inside said plaintiffs' pockets.

3

19.    Defendants GIGLIOTTI, CHRISTIANO, and MCDANIEL, detained said plaintiffs at that location for an extended and otherwise unreasonable period of time before issuing each plaintiff a summons and releasing them.

20.    Said summonses caused plaintiffs to be prosecuted in Richmond County Criminal Court on baseless charges; said charges having been filed based on the false allegations of the defendant officers. Defendants GIGLIOTTI, CHRISTIANO, and MCDANIEL initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned abuse of authority.

21.    On March 17, 2010, the purported charges that were levied against plaintiffs by the defendants GIGLIOTTI, CHRISTIANO, and MCDANIEL were dismissed and sealed in Richmond County Criminal Court.

22.    The defendant officers GIGLIOTTI, CHRISTIANO, MCDANIEL, and JOHN and JANE DOE 1 through 10 participated in and/or failed to intervene in the illegal conduct described herein.

**Incident Two**

23.    The second incident began on January 25, 2010, at approximately 9:15 p.m. when plaintiff SPRINGLE was lawfully operating a motor vehicle with plaintiffs JONATHAN BELL and DEVAN BELL as passengers.

24.    At said time, on Wright Street by the corner of Van Duzer Street, defendants DELPRETE and REGINA, operating an NYPD vehicle, caused a car stop of said plaintiffs' vehicle despite lacking reasonable suspicion that said plaintiffs had committed, were committing or were about to commit any crime or offense.

4

25.     Defendants DELPRETE and REGINA approached plaintiffs' vehicle and immediately ordered said plaintiffs to exit their vehicle. The defendants forcefully pulled said plaintiffs out of said vehicle, searched said plaintiffs by patting plaintiffs' bodies and searching inside plaintiffs' pockets.

26.     Defendants DELPRETE and REGINA searched plaintiffs' vehicle. The defendants did not recover any weapons or contraband from said vehicle nor from plaintiffs.

27.     The defendant officers detained plaintiffs at said location for an extended and otherwise unreasonable period of time. Thereafter, defendants DELPRETE and REGINA released plaintiffs without charging plaintiffs with violating any laws.

28.     The defendant officers DELPRETE, REGINA, and JOHN and JANE DOE 1 through 10 participated in and/or failed to intervene in the illegal conduct described herein.

**Incident Three**

29.     The third incident began on April 28, 2011 at approximately 11:30 a.m., in front of 157 Beechwood Avenue, Staten Island, New York.

30.     Plaintiff JONATHAN BELL was a lawful pedestrian at said location when defendant officers, including, but not limited to, VACCARINO, unlawfully stopped, detained, and searched plaintiff despite lacking reasonable suspicion that plaintiff had committed, was committing or was about to commit any crime or offense.

31.     Although plaintiff JONATHAN BELL had committed no crime or offense, defendant VACCARINO handcuffed and detained him at said location for an extended and unreasonable period of time before issuing plaintiff a summons and releasing him.

32.     Said summonses caused plaintiff JONATHAN BELL to be prosecuted in Richmond County Criminal Court on baseless charges; said charges having been filed based on

5

the false allegations of the defendant officer VACCARINO. Defendant VACCARINO initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned abuse of authority.

33.     On July 5, 2011, plaintiff JONATHAN BELL appeared as required in Richmond County Criminal Court, on which date the purported charges that were levied against plaintiff by defendant VACCARINO were adjourned in contemplation of dismissal and subsequently dismissed and sealed in Richmond County Criminal Court.

34.     The defendant officers VACCARINO and JOHN and JANE DOE 1 through 10 participated in and/or failed to intervene in the illegal conduct described herein.

35.     All of the above incidents occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising of its employees, and due to discrimination against plaintiffs due to their race and/or nationality.

36.     The aforesaid events are not isolated incidents. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the City of New York's Civilian Complaint Review Board) that many NYPD officers are insufficiently trained on the constitutional prerequisites to stopping, searching, and detaining individuals, and otherwise engage in falsification.

37.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

38.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incidents described herein, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

39.     As a result of the foregoing, plaintiffs JONATHAN BELL, HEZECIAH HUNTER, MICHAEL GORDON, DEVAN BELL, and STEPHEN M. SPRINGLE sustained, *inter alia*, emotional distress, embarrassment, and humiliation, and deprivation of their constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

40.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "39" with the same force and effect as if fully set forth herein.

41.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

42.     All of the aforementioned acts deprived plaintiffs JONATHAN BELL, HEZECIAH HUNTER, MICHAEL GORDON, DEVAN BELL, and STEPHEN M. SPRINGLE, members of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

43.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority

attendant thereto, and with the intent to discriminate on the basis of race.

44. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

45. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

46. As a result of the foregoing, plaintiffs JONATHAN BELL, HEZECIAH HUNTER, MICHAEL GORDON, DEVAN BELL, and STEPHEN M. SPRINGLE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

### AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

47. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48. The defendants arrested plaintiffs JONATHAN BELL, HEZECIAH HUNTER, MICHAEL GORDON, DEVAN BELL, and STEPHEN M. SPRINGLE without probable cause, causing them to be detained against their will for an extended period of time.

49. Defendants caused plaintiffs JONATHAN BELL, HEZECIAH HUNTER, MICHAEL GORDON, DEVAN BELL, and STEPHEN M. SPRINGLE to be falsely arrested.

50. As a result of the foregoing, plaintiffs JONATHAN BELL, HEZECIAH HUNTER, MICHAEL GORDON, DEVAN BELL, and STEPHEN M. SPRINGLE are entitled

to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Malicious Prosecution under 42 U.S.C. § 1983)

51.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52.     With regard to the first incident, the defendants initiated, commenced and continued a malicious prosecution against plaintiffs JONATHAN BELL, HEZECIAH HUNTER, and MICHAEL GORDON.

53.     Defendants caused plaintiffs JONATHAN BELL, HEZECIAH HUNTER, and MICHAEL GORDON to be prosecuted without any probable cause until the charges were dismissed on or about March 17, 2010.

54.     As a result of the foregoing, plaintiffs JONATHAN BELL, HEZECIAH HUNTER, and MICHAEL GORDON are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Malicious Abuse of Process under 42 U.S.C. § 1983)

55.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56.     With regard to the first and third incidents, the defendants issued criminal process against plaintiffs JONATHAN BELL, HEZECIAH HUNTER, and MICHAEL GORDON, and in incident three against JONATHAN BELL, by causing their arrest and prosecution in a criminal court.

57.     In incidents one and three, the defendants caused plaintiffs JONATHAN BELL, HEZECIAH HUNTER, MICHAEL GORDON to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority, and thereby violated plaintiff's right to be free from malicious abuse of process.

58.     As a result of the foregoing, plaintiffs JONATHAN BELL, HEZECIAH HUNTER, and MICHAEL GORDON are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Fourth Amendment Claim of Unlawful Search under 42 U.S.C. § 1983)

59.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraph numbered "1" through "58" with the same force and effect as if fully set forth herein.

60.     The defendants unreasonably searched plaintiffs JONATHAN BELL, HEZECIAH HUNTER, MICHAEL GORDON, DEVAN BELL, and STEPHEN M. SPRINGLE by stopping, seizing and searching plaintiffs despite lacking reasonable suspicion to believe said plaintiffs had committed, were committing, or were about to commit any offense.

61.     The defendants caused plaintiffs JONATHAN BELL, HEZECIAH HUNTER, MICHAEL GORDON, DEVAN BELL, and STEPHEN M. SPRINGLE to be subject to an unlawful search thereby causing plaintiff to suffer emotional distress, embarrassment and humiliation.

62.     As a result of the foregoing, plaintiffs JONATHAN BELL, HEZECIAH HUNTER, MICHAEL GORDON, DEVAN BELL, and STEPHEN M. SPRINGLE are entitled

to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

63.　Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64.　The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

65.　As a result of the foregoing, plaintiffs JONATHAN BELL, HEZECIAH HUNTER, MICHAEL GORDON, DEVAN BELL, and STEPHEN M. SPRINGLE were deprived of their liberty and right to substantive due process, causing emotional and physical injuries.

66.　As a result of the foregoing, plaintiffs JONATHAN BELL, HEZECIAH HUNTER, MICHAEL GORDON, DEVAN BELL, and STEPHEN M. SPRINGLE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

67.　Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68.　The defendants unlawfully stopped, detained, and searched plaintiffs JONATHAN BELL, HEZECIAH HUNTER, MICHAEL GORDON, DEVAN BELL, and STEPHEN M. SPRINGLE because of the plaintiffs' national origin, and/or race, or otherwise

failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

69.    As a result of the foregoing, plaintiffs JONATHAN BELL, HEZECIAH HUNTER, MICHAEL GORDON, DEVAN BELL, and STEPHEN M. SPRINGLE were deprived of their rights under the Equal Protection Clause of the United States Constitution.

70.    As a result of the foregoing, plaintiffs JONATHAN BELL, HEZECIAH HUNTER, MICHAEL GORDON, DEVAN BELL, and STEPHEN M. SPRINGLE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

71.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72.    Defendants had an affirmative duty to intervene on behalf of plaintiffs JONATHAN BELL, HEZECIAH HUNTER, MICHAEL GORDON, DEVAN BELL, and STEPHEN M. SPRINGLE, whose constitutional rights were being violated in their presence by other officers.

73.    The defendants failed to intervene to prevent the unlawful conduct described herein.

74.    As a result of the foregoing, plaintiffs JONATHAN BELL, HEZECIAH HUNTER, MICHAEL GORDON, DEVAN BELL, and STEPHEN M. SPRINGLE'S liberty was restricted for an extended period of time, they were put in fear of their safety, and they were humiliated.

75.     As a result of the foregoing, plaintiffs JONATHAN BELL, HEZECIAH HUNTER, MICHAEL GORDON, DEVAN BELL, and STEPHEN M. SPRINGLE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

### AS AND FOR A NINTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

76.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77.     The supervisory defendants personally caused plaintiffs' constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

78.     As a result of the foregoing, plaintiffs JONATHAN BELL, HEZECIAH HUNTER, MICHAEL GORDON, DEVAN BELL, and STEPHEN M. SPRINGLE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

### AS AND FOR A TENTH OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

79.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "78" with the same force and effect as if fully set forth herein.

80.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

81.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, unlawfully stopping,

13

detaining and searching individuals, engaging in falsification, as well as the inadequate screening, hiring, retaining, training and supervising its employees.

82. The aforementioned customs, polices, usages, practices, procedures and rules of the New York City Police Department were the moving force behind the violation of plaintiffs JONATHAN BELL, HEZECIAH HUNTER, MICHAEL GORDON, DEVAN BELL, and STEPHEN M. SPRINGLE'S rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

83. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs JONATHAN BELL, HEZECIAH HUNTER, MICHAEL GORDON, DEVAN BELL, and STEPHEN M. SPRINGLE.

84. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs JONATHAN BELL, HEZECIAH HUNTER, MICHAEL GORDON, DEVAN BELL, and STEPHEN M. SPRINGLE as alleged herein.

85. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs JONATHAN BELL, HEZECIAH HUNTER, MICHAEL GORDON, DEVAN BELL, and STEPHEN M. SPRINGLE as alleged herein.

86. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiffs JONATHAN BELL, HEZECIAH HUNTER, MICHAEL GORDON, DEVAN BELL, and STEPHEN M. SPRINGLE were unlawfully stopped, detained and searched, and plaintiffs JONATHAN BELL, HUNTER, and GORDON were maliciously prosecuted.

87. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs JONATHAN BELL, HEZECIAH HUNTER, MICHAEL GORDON, DEVAN BELL, and STEPHEN M. SPRINGLE'S constitutional rights.

88. All of the foregoing acts by defendants deprived plaintiffs JONATHAN BELL, HEZECIAH HUNTER, MICHAEL GORDON, DEVAN BELL, and STEPHEN M. SPRINGLE of federally protected rights, including, but not limited to, the right:

      A.     Not to be deprived of liberty without due process of law;

      B.     To be free from false arrest/unlawful imprisonment;

      C.     To be free from unlawful searches;

      D.     To be free from the failure to intervene; and

      E.     To receive equal protection under law.

89. As a result of the foregoing, plaintiffs JONATHAN BELL, HEZECIAH HUNTER, MICHAEL GORDON, DEVAN BELL, and STEPHEN M. SPRINGLE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

90. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in

paragraphs numbered "1" through "89" with the same force and effect as if fully set forth herein.

91.     Within ninety (90) days after the claims herein accrued, plaintiffs duly served upon, presented to and filed with the CITY OF NEW YORK, Notices of Claim setting forth all facts and information required under the General Municipal Law 50-e.

92.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

93.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

94.     Plaintiffs have complied with all conditions precedent to maintaining the instant action.

95.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (False Arrest under the laws of the State of New York)

96.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "95" with the same force and effect as if fully set forth herein.

97.     The defendants arrested plaintiffs JONATHAN BELL, HEZECIAH HUNTER, MICHAEL GORDON, DEVAN BELL, and STEPHEN M. SPRINGLE without probable cause.

98.     The plaintiffs were detained against their will for an extended period of time.

99.     As a result of the aforementioned conduct, plaintiffs JONATHAN BELL, HEZECIAH HUNTER, MICHAEL GORDON, DEVAN BELL, and STEPHEN M. SPRINGLE were falsely arrested in violation of the laws of the State of New York.

100. As a result of the aforementioned conduct, plaintiffs JONATHAN BELL, HEZECIAH HUNTER, MICHAEL GORDON, DEVAN BELL, and STEPHEN M. SPRINGLE suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

101. As a result of the foregoing, plaintiffs JONATHAN BELL, HEZECIAH HUNTER, MICHAEL GORDON, DEVAN BELL, and STEPHEN M. SPRINGLE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

102. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "101" with the same force and effect as if fully set forth herein.

103. As a result of the foregoing, plaintiffs JONATHAN BELL, HEZECIAH HUNTER, MICHAEL GORDON, DEVAN BELL, and STEPHEN M. SPRINGLE were placed in apprehension of imminent harmful and offensive bodily contact.

104. As a result of defendant's conduct, plaintiff JONATHAN BELL, HEZECIAH HUNTER, MICHAEL GORDON, DEVAN BELL, and STEPHEN M. SPRINGLE have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

105. As a result of the foregoing, plaintiffs JONATHAN BELL, HEZECIAH HUNTER, MICHAEL GORDON, DEVAN BELL, and STEPHEN M. SPRINGLE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

106. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "105" with the same force and effect as if fully set forth herein.

107. The defendants made offensive contact with plaintiffs without privilege or consent.

108. As a result of defendants' conduct, plaintiffs JONATHAN BELL, HEZECIAH HUNTER, MICHAEL GORDON, DEVAN BELL, and STEPHEN M. SPRINGLE have suffered mental anguish, emotional distress, together with shock, fright, apprehension, embarrassment, and humiliation.

109. As a result of the foregoing, plaintiffs JONATHAN BELL, HEZECIAH HUNTER, MICHAEL GORDON, DEVAN BELL, and STEPHEN M. SPRINGLE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York)

110. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "109" with the same force and effect as if fully set forth herein.

111. In incident one, the defendants initiated, commenced and continued a malicious prosecution against plaintiffs JONATHAN BELL, HEZECIAH HUNTER, and MICHAEL GORDON.

112. Defendants caused plaintiffs JONATHAN BELL, HEZECIAH HUNTER, and MICHAEL GORDON to be prosecuted without any probable cause until the charges were dismissed on or about March 17, 2010.

113. As a result of the foregoing, plaintiffs JONATHAN BELL, HEZECIAH HUNTER, and MICHAEL GORDON are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Malicious Abuse of Process under laws of the State of New York)

114. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "113" with the same force and effect as if fully set forth herein.

115. In incidents one and three, the defendants issued criminal process against plaintiffs JONATHAN BELL, HEZECIAH HUNTER, and MICHAEL GORDON, and in incident three against JONATHAN BELL, by causing them to be arrested, arraigned and prosecuted in criminal court.

116. Defendants caused plaintiffs JONATHAN BELL, HEZECIAH HUNTER, and MICHAEL GORDON to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority.

117. As a result of the foregoing, plaintiffs JONATHAN BELL, HEZECIAH HUNTER, and MICHAEL GORDON are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

118.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "117" with the same force and effect as if fully set forth herein.

119.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

120.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

121.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

122.    The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiffs JONATHAN BELL, HEZECIAH HUNTER, MICHAEL GORDON DEVAN BELL, and STEPHEN M. SPRINGLE.

123.    As a result of the aforementioned conduct, plaintiffs JONATHAN BELL, HEZECIAH HUNTER, MICHAEL GORDON, DEVAN BELL, and STEPHEN M. SPRINGLE suffered emotional distress, mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

124.    As a result of the foregoing, plaintiffs JONATHAN BELL, HEZECIAH HUNTER, MICHAEL GORDON, DEVAN BELL, and STEPHEN M. SPRINGLE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

125.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraph numbered "1" through "124" with the same force and effect as if fully set forth herein.

126.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the stop, arrest, and search of plaintiffs JONATHAN BELL, HEZECIAH HUNTER, MICHAEL GORDON, DEVAN BELL, and STEPHEN M. SPRINGLE.

127.    Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

128.    As a result of the foregoing, plaintiffs JONATHAN BELL, HEZECIAH HUNTER, MICHAEL GORDON, DEVAN BELL, and STEPHEN M. SPRINGLE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

129.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "128" with the same force and effect as if fully set forth herein.

130.    Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiffs JONATHAN BELL, HEZECIAH HUNTER, MICHAEL GORDON, DEVAN BELL, and STEPHEN M. SPRINGLE.

131. As a result of the foregoing, plaintiffs JONATHAN BELL, HEZECIAH HUNTER, MICHAEL GORDON, DEVAN BELL, and STEPHEN M. SPRINGLE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## AS AND FOR A NINETEENTH CAUSE OF ACTION
### (Negligence under the laws of the State of New York)

132. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "131" with the same force and effect as if fully set forth herein.

133. Plaintiffs' injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

134. As a result of the foregoing, plaintiffs JONATHAN BELL, HEZECIAH HUNTER, MICHAEL GORDON, DEVAN BELL, and STEPHEN M. SPRINGLE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## AS AND FOR A TWENTIETH CAUSE OF ACTION
### (*Respondeat Superior* liability under the laws of the State of New York)

135. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "134" with the same force and effect as if fully set forth herein.

136. Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they

engaged in the wrongful conduct described herein.

137. As a result of the foregoing, plaintiffs JONATHAN BELL, HEZECIAH HUNTER, MICHAEL GORDON, DEVAN BELL, and STEPHEN M. SPRINGLE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## AS AND FOR AN TWENTY-FIRST CAUSE OF ACTION
(Violation of NYS Constitution Article 1 §11)

138. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "137" with the same force and effect as if fully set forth herein.

139. As a result of defendants' conduct, plaintiffs JONATHAN BELL, HEZECIAH HUNTER, MICHAEL GORDON, DEVAN BELL, and STEPHEN M. SPRINGLE were deprived of their right to equal protection of laws.

140. As a result of the foregoing, plaintiffs JONATHAN BELL, HEZECIAH HUNTER, MICHAEL GORDON, DEVAN BELL, and STEPHEN M. SPRINGLE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## AS AND FOR A TWENTY-SECOND CAUSE OF ACTION
(Violation of NYS Constitution Article 1 §12)

141. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "140" with the same force and effect as if fully set forth herein.

142. As a result of defendants' conduct, plaintiffs JONATHAN BELL, HEZECIAH HUNTER, MICHAEL GORDON, DEVAN BELL, and STEPHEN M. SPRINGLE were

deprived of their right to security against unreasonable searches, seizures, and interceptions.

143.  As a result of the foregoing, plaintiffs JONATHAN BELL, HEZECIAH HUNTER, MICHAEL GORDON, DEVAN BELL, and STEPHEN M. SPRINGLE are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs JONATHAN BELL, HEZECIAH HUNTER, MICHAEL GORDON, DEVAN BELL, and STEPHEN M. SPRINGLE demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A)    full and fair compensatory damages in an amount to be determined by a jury;

(B)    punitive damages against the individually named defendants in an amount to be determined by a jury;

(C)    reasonable attorney's fees and the costs and disbursements of this action; and

(D)    such other and further relief as appears just and proper.

Dated: Brooklyn, New York
        February 17, 2012

LEVENTHAL & KLEIN, LLP
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By: _____
    BRETT H. KLEIN (BK4744)

Attorneys for Plaintiffs JONATHAN BELL, HEZECIAH HUNTER, MICHAEL GORDON, DEVAN BELL, and STEPHEN M. SPRINGLE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------------------------X

JONATHAN BELL, HEZECIAH HUNTER, MICHAEL
GORDON, DEVAN BELL, and STEPHEN M. SPRINGLE,

                                    Plaintiffs,

                                                                    11 CV 1885
            -against-                                               (KAM)(RML)

CITY OF NEW YORK, GERARD DELPRETE, MATTHEW
REGINA, FRANK GIGLIOTTI, MICHAEL CHRISTIANO,
MARY MCDANIEL, PHILIP VACCARINO, and JOHN and
JANE DOE 1 through 10, individually and in their official
capacities, (the names John and Jane Doe being fictitious, as
the true names are presently unknown),

                                    Defendants.

--------------------------------------------------------------------------------X


                        **AMENDED COMPLAINT**


                    **LEVENTHAL & KLEIN, LLP**
                     Attorneys for the Plaintiffs
                      45 Main Street, Suite 230
                     Brooklyn, New York 11201
                         (718) 722-4100